```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT
```

| | | |
|---|---|---|
| Jose Luis Velazquez, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | File No. 2:07-CV-244 |
| | : | |
| Vermont Department of | : | |
| Corrections, Robert | : | |
| Hofmann, Southern State | : | |
| Correctional Facility, | : | |
| Kevin Ashburn, Prison | : | |
| Health Service, Inc., | : | |
| John Leppmann, | : | |
|     Defendants. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Paper 19)

*Pro se* plaintiff Jose Luis Velazquez, formerly a Vermont inmate, brings this action claiming that he suffered injuries due to inadequate medical care and discrimination while in prison. Currently pending before the Court is the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 37, based upon Velazquez's failure to (1) respond to written discovery and (2) appear at his deposition. Although I recommend, for reasons set forth below, that the motion to dismiss be DENIED, the Court should impose a new deadline for compliance with discovery, and warn Velazquez that continued non-compliance will likely be grounds for dismissal.

## Factual Background

Velazquez began serving his criminal sentence at the Southern State Correctional Facility ("SSCF") in Springfield, Vermont on June 8, 2007. While the nature of his crime is not specified in the complaint, the resulting sentence was 15 to 30 months. At the time the complaint was filed, Valezquez was reportedly being housed in the medical unit at SSCF.

Velazquez claims that he suffers from a number of medical conditions, including diabetes, high blood pressure, asthma, a heart condition, and poor vascular circulation. He is a below-the-knee amputee, and has experienced swelling in both knees "due to blood deposits which have gone untreated." (Paper 4 at 2). The complaint alleges that Velazquez was denied adequate care for these and other ailments while in prison. It also claims that prison personnel discriminated against him on the basis of his disabilities, ethnic background, and religion.

The defendants answered the complaint in April 2008, and on May 16, 2008 the Court approved a Stipulated Discovery Order. The Order required that discovery be completed by December 1, 2008. (Paper 13). On September 3,

2008, the defendants served Velazquez with a first set of interrogatories and request for production of documents. (Paper 17). On September 8, 2008, they noticed his deposition for September 22, 2008. (Paper 19 at 2). Based upon the discovery certificates filed with the Court, it appears that Velazquez was no longer incarcerated when the papers were served. (Papers 17 and 18).

Velazquez did not appear for his deposition, and to date has not responded to the defendants' written discovery requests. Counsel for the State of Vermont defendants wrote to Velazquez on October 7, 2008, notifying him that his written responses were past due and offering to discuss the matter. (Paper 19-3). Counsel reports that he has not received any reply from the plaintiff. The defendants filed their motion to dismiss on December 14, 2008.

## Discussion

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to respond to written discovery requests, the district court may impose sanctions. Fed. R. Civ. P. 37(d)(1)(A)(ii). A court may also impose sanctions if a party fails to attend his deposition. Id. at 37(d)(1)(A)(i). The list of potential sanctions provided in

Rule 37 includes "dismissing the action in whole or in part." Id. at 37(d)(3), 37(b)(2)(A)(v). Dismissal of a *pro se* litigant's action may be appropriate "so long as a warning has been given that non-compliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994); see also Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (factors to be considered when contemplating appropriate sanctions include whether the non-compliant party has been warned of the consequences of noncompliance).

In this case, Velazquez has not yet been warned that his failure to participate in discovery might result in the dismissal of his case. No motions to compel have been filed, and no Court orders have been issued with respect to discovery violations. Accordingly, dismissal is not warranted at this time.

The defendants have not suggested a sanction other than dismissal with prejudice.[1] Absent a specific request for alternative sanctions, the Court declines to impose such

---

[1] Under Fed. R. Civ. P. 37(d)(3), the Court could require Velazquez to pay the fees incurred for the deposition, but this would likely be an "empty gesture" in light of the plaintiff's *in forma pauperis* status. Chavis v. S. Ryan, 2008 WL 4934605, at *4 (N.D.N.Y. Nov. 13, 2008).

4

sanctions at this time. Nonetheless, additional action by the Court is required.

Assuming that Velazquez has been receiving the defendants' discovery requests, and unless he has a reasonable excuse, his conduct is unacceptable. Particularly egregious is the failure to appear at his deposition, since counsel presumably devoted significant time and resources to that endeavor. I therefore recommend that new deadlines be imposed, with clear warnings that any failure to comply with those deadlines will likely result in harsh consequences.

Specifically, if the Court adopts my recommendation and denies the motion to dismiss, it should require Velazquez to provide responses to all written discovery within 20 days of its Order. Also, if the defendants wish to re-schedule the plaintiff's deposition, Velazquez must appear at the time and place designated on the notice. Failure to comply with either the 20-day deadline or the deposition notice should result in severe sanctions, potentially including dismissal of the entire case with prejudice.

Finally, the Court notes that because of the plaintiff's non-compliance with discovery, the parties can

5

no longer be expected to comply with the Scheduling Order currently in effect.  If the parties wish to extend the current deadlines, they may submit to the Court a new proposed discovery schedule.

## Conclusion

For the reasons set forth above, I recommend that the defendants' motion to dismiss (Paper 19) be DENIED.  I also recommend, however, that the Court impose upon the plaintiff a 20-day deadline for production of written discovery, and warn that a failure to comply with this deadline, or to appear for a re-scheduled deposition, will likely result in the dismissal of the case with prejudice.

Dated at Burlington, in the District of Vermont, this 2nd day of March, 2009.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).